# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **RANDY G. ROSS,** | Case No. 2:19-cv-845 |
| | **CHIEF JUDGE EDMUND A. SARGUS, JR.** |
| **Plaintiff,** | Magistrate Judge Kimberly A. Jolson |
| v. | |
| **UNITED STATES OF AMERICA,** *et al.*, | |
| **Defendants.** | |

## OPINION AND ORDER

This matter is before the Court for consideration of Plaintiff Randy G. Ross's ("Plaintiff") Objection (ECF No. 3) to the Magistrate Judge's Report and Recommendation (ECF No. 2). Plaintiff, proceeding *pro se*, initiated this action on March 8, 2019. (ECF No. 1). That same day, Plaintiff filed a Motion for Leave to Proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). (ECF No. 1). On March 12, 2019, the Magistrate Judge recommended that Plaintiff's Motion for Leave to Proceed *in forma pauperis* be denied. (ECF No. 1). Plaintiff timely filed an Objection on March 22, 2019. (ECF No. 3).

The Court may grant a plaintiff leave to proceed *in forma pauperis* were he provides an affidavit "which states that one cannot because of his poverty 'pay or give security for the costs . . . and still be able to provide' himself and [his] dependents 'with the necessities of life.'" *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). "Although pauper status does not require absolute destitution, the question is whether the court costs can be paid without undue hardship." *Foster v. Cuyahoga Dept. of Health and Human Services*, 21 F. App'x 239, 240 (6th Cir. 2001) (citing *Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865

F.2d 22, 23 (2d Cir. 1988)). "Whether to grant a motion to proceed *in forma pauperis* is a decision which rests 'within the stound discretion of the district court.'" *Nesselrode v. U.S. Secretary of Edu. Agency*, 2017 WL 7520599, No. 2:16-cv-918, at *2 (S.D. Ohio Nov. 20, 2017) (citing *Flippin v. Cobuyn*, 107 F. App'x 520, 521 (6th Cir. 2004)).

As noted in the Report and Recommendation, Plaintiff "is not employed but receives $1,500.00 per month from family." (R&R at 1, ECF No. 2) (citing Pl.'s Aff. at 2). In addition, Plaintiff indicated in his affidavit that he: (1) is single, (2) has no dependents, and (3) does not have monthly expenses. (Pl.'s Aff. at 2). Plaintiff argues his financial burdens have increased drastically due to living out of hotel rooms recently. (Pl.'s Objection at 2). Although Plaintiff acknowledges his parents have provided him with money to pay these bills, he maintains he does not have $400 to pay his filing fee. (*Id.*). Specifically, Plaintiff contends "No one should have to cry [p]overty, but I do not have $400 to give you, like I physically do not have it, and will not have it to give." (*Id.* at 3).

Despite Plaintiff's contention that he must live in hotel rooms because he has been "chased out of town," the Court finds his affidavit does not establish pauper status. Per Plaintiff's own testimony in his March 8, 2019 affidavit, he receives $1,500 in monthly income and has no creditors. (Pl.'s Aff. At 2–3). Accordingly, paying a one-time filing fee would not deprive Plaintiff of the "necessities of life." *Adkins*, 335 U.S. at 339. For the reasons stated above, the Court **OVERRULES** Plaintiff's Objection (ECF No. 3), and **ADOPTS** the Report and Recommendation (ECF No. 2).

**IT IS SO ORDERED.**

4-1-2019
DATE

EDMUND A. SARGUS, JR.
CHIEF UNITED STATES DISTRICT JUDGE

2